UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATOYA JOINER                                                                            PLAINTIFF

V.                                           CIVIL ACTION NO. 3:23-CV-585-DPJ-ASH

WILLIAM KING et al.                                               DEFENDANTS

ORDER

Alleging that Plaintiff Latoya Joiner missed her deadline to serve process, Defendant William King moved to dismiss [13], joined by Arthur James [21] and by Jeremy Ingram, C/O Latiker, and Yazoo County [19]. Ordered to respond, Joiner instead moved to strike [23] the motion and its joinders, asserting they were untimely. The Court denies those motions. Yazoo County, Ingram, and Latiker filed another motion [29], seeking judgment on the pleadings. The Court grants that motion, dismissing Ingram and Latiker with prejudice, but will allow Joiner to seek leave to amend her complaint as to the County.

I.        Facts and Proceedings

Mississippi State Trooper William King arrested Joiner on September 10, 2020, falsely claiming that she had threatened to kill him during a traffic stop. Compl. [1] ¶ 19. Although she was arrested in Hinds County, Mississippi, King could not find a local jail willing to take Joiner because of issues at those facilities related to Covid-19. Id. ¶¶ 12, 20–21. He ultimately delivered her to the Yazoo County jail, where she was confined for one night. Id. ¶ 33.

Joiner sued on September 11, 2023—the final day before the statute of limitations expired—alleging various constitutional torts under 42 U.S.C. § 1983. She also asserted state-law causes against King and the State of Mississippi. Compl. [1]. The procedural history after that is a mess:

1

| Dec. 10, 2023 | Time for service under Fed. R. Civ. P. 4(m) expires |
| --- | --- |
| Dec. 11, 2023 | Summonses [2] issued for Defendants King, James, Ingram, Latiker, and Yazoo County, but not for state defendants |
| Dec. 12, 2023 | King and James served [4, 5] by substituted service on master sergeant, but returns not initially filed |
| Jan. 2, 2024 | Responsive pleadings for King and James due under Fed. R. Civ. P. 12(a) |
| Feb. 15, 2024 | Because no returns had been filed, Court issues Show-Cause Order [3] to Joiner for failure to serve process |
| Feb. 19, 2024 | Joiner tries to file returns of service [4, 5] on James and King, but clerk advises they are incomplete and insufficient; she does not refile |
| Feb. 22, 2024 | Joiner moves for an extension of time to serve all Defendants [6] |
| Feb. 23, 2024 | Magistrate judge enters text-only order granting Joiner until Mar. 25, 2024, to serve all Defendants |
| Feb. 23, 2024 | Joiner Response [8] to Show-Cause Order |
| Mar. 7, 2024 | Return of Service [11] on King (related to a second service of process on Feb. 27), Clerk of Court incorrectly dockets annotation stating that answer is due Mar. 20, 2024 |
| Mar. 19, 2024 | Responsive pleadings after second service of process on King due |
| Mar. 20, 2024 | Answer [12] by King |
| Mar. 20, 2024 | Motion to Dismiss (MTD) [13] by King for delayed service of process |
| Mar. 25, 2024 | Returns of Service [15, 16] on James and Yazoo County (served Mar. 25) |
| Apr. 2, 2024 | Joinder [19] by Ingram, Latiker, and Yazoo County in MTD [13] |
| Apr. 3, 2024 | Deadline for Joiner to respond to MTD |
| Apr. 15, 2024 | Joinder [21] by James in MTD [13] |
| Apr. 18, 2024 | Order directing Joiner to respond to MTD by Apr. 26, 2024 |
| Apr. 26, 2024 | Joiner Motion to Strike (MTS) [23] MTD [13] & joinders [19, 21] |
| May 9, 2024 | Resp. [24] by King to MTS [23] |
| May 10, 2024 | Resp. [26] by Ingram, Latiker, and Yazoo County to MTS [23] |
| May 24, 2024 | Court sets June 24, 2024 deadline to assert immunity defenses |
| June 24, 2024 | Yazoo County, Ingram, and Latiker file Rule 12(c) motion [29] |

II.     Discussion

      A.     State Defendants

The Court ordered Joiner to show cause why her claims should not be dismissed for failure to serve process. As noted, she then obtained a belated extension, but she has still failed to serve the two State Defendants (Mississippi and the Mississippi Department of Public Safety). In fact, she never requested that summons be issued. Because Joiner abandoned her claims against the State Defendants, they are now dismissed.[1]

      B.     King's Motion to Dismiss for Insufficient Service [13] and Joiner's Motion to Strike [23]

King moves to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. *See Thomas v. New Leaders for New Schools*, 278 F.R.D. 347, 349–50 (E.D. La. 2011). Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice of the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Joiner sued on the last possible day under her three-year statute of limitations, Monday, September 11, 2023. *See James ex rel. James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (applying Mississippi's three-year residual limitations period to § 1983 suits). She then served King on December 11, 2023, one day late under Rule 4(m). After the Court's show-cause order, Joiner sought and received an extension until March 25, 2024, to complete service. On that date,

---

[1] Joiner may have abandoned these defendants because her § 1983 claims against them would be futile. States and arms of states are not "persons" under § 1983, and they are entitled to Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–67 (1989).

3

she served King a second time, claiming that she was unsure whether King would object to the service on December 11, 2023. She also served Defendants James and Yazoo County on March 25.

To begin, King seems to question whether the Magistrate Judge correctly granted the extension, arguing that Joiner failed to show good cause under Rule 4(m). King Mem. [14] at 5–6. That order was docketed on February 23, 2024, and by then King had been served with process—he does not dispute his receipt of the initial service, only its timeliness. *See* King Mem. [14] at 2. King had 14 days to appeal the magistrate judge's extension. L.U. Civ. R. 72(a). But because Joiner failed to docket the return of service, it is unclear when King discovered the text order. In any event, King's argument that it was error to grant Joiner's requested extension should have been raised in a timely appeal. *Id*.

Assuming King's motion should be construed as an appeal and that it was timely filed, King is probably correct that Joiner failed to show good cause for her delay. But even with that shortfall, "the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citation omitted). "A discretionary extension may be warranted, for example, if the applicable statute of limitations would bar the refiled action." *Id.* (citation omitted) (reversing district court). Joiner sued on the final day, so dismissal without prejudice would mean dismissal with prejudice. *Id.*

When that happens, a dismissal "is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Id.* (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). Additionally, when the Fifth Circuit has "affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff

4

himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

King says dismissal is appropriate "[b]ecause of Plaintiff's blatant pattern of clear delay and contemptuous conduct." King Mem. [14] at 7. But King never suggests that Joiner herself caused the delay, and his arguments on delay otherwise fall short.

While the delays are frustrating, several occurred after Joiner received the extension. Also, "delay which warrants dismissal with prejudice must be longer than just a few months." *Millan*, 546 F.3d at 326–27 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). And such delays ordinarily must be "egregious and sometimes outrageous." *Id*. at 327 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). King has not shown a delay approaching that length; he was served one day late.

Still, he argues that the delay is actually "*over three years* because Plaintiff waited until the day after the three-year statute of limitations to file her Complaint." *Id.* That's incorrect in two ways. First, Joiner's deadline to sue fell on a weekend, so her Monday filing was timely. *See Nelson v. James*, 714 F.2d 545, 546 (5th Cir. 1983) (per curiam) (applying Mississippi law that limitations period does not end on Sunday). Second the deadline to serve process under Rule 4(m) does not start when the claim accrues; it begins to run "after the complaint is filed." Joiner was one day late.

The Court will not presume prejudice on these facts, and King gives no example of actual prejudice. Accordingly, the Magistrate Judge properly granted the extension Joiner requested.

Both the first and second efforts to serve process on King fell within that extension and are therefore timely. King's motion to dismiss is denied.[2]

The Court also denies James's Motion for Joinder [21] which incorporates King's arguments. The "Joinder" [19] filed by the Yazoo County Defendants is different and will be addressed separately.

As for Joiner's motion to strike, she correctly notes that King's answer and motion to dismiss were filed one day late, Pl.'s Mem. [23-1] at 6, though they were filed within the deadline reflected on the docketing clerk's entry, Doc. Entry [11]. "[M]otions to strike a defense are generally disfavored." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). In any event, the Court has denied King's motion and James's motion for joinder, so the motion to strike is denied as moot as to King and James. Again, the County Defendants will be addressed separately.

    C.    Yazoo County Defendants' Motion [29]

Yazoo County and its employees Ingram and Latiker seek dismissal on procedural and substantive grounds. First, they say Joiner never properly served the County and never served Ingram or Latiker at all. Second, they argue the claims are barred by the statute of limitations. Third, Ingram and Latiker assert qualified immunity. And finally, as a related point, the County claims that Joiner failed to state a constitutional violation and further failed to plead a claim for municipal liability.

---

[2] King says Joiner's motion for an extension did not include King, or at least it excluded the first time King was properly served. But Joiner's motion sought an extension as to "all Defendants named in the Plaintiff's Original Complaint." Pl.'s Mot. [6] at 1. And she explained why King would suffer no prejudice if the Court granted an extension as to him. *Id.* at 4. In any event, the second service was within the extended deadline, and the text order granted a motion seeking relief as to "all Defendants." *Id.* at 1.

1. Failure to Serve Process on Yazoo County

Yazoo County offers two primary arguments for dismissal based on Rule 4. It first reiterates its joinder in King's motion to dismiss and adopts his argument that the Magistrate Judge should not have granted Joiner's requested extension. Cnty. Mem. [30] at 8. As noted, the Court rejects that argument.

The County next says Joiner never served the correct county official. Under Rule 4(j)(2), when serving a county, the plaintiff must serve its "chief executive officer" or serve a copy "in the manner prescribed by that state's law for serving a summons." Under Mississippi Rule of Civil Procedure 4(d)(6), a plaintiff must perfect service "[u]pon a county by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors," *i.e.*, the chancery court clerk.

Although the Summons identifies Quint Carver as the chancery clerk, [16] at 1, the Proof of Service states that the process server "served the summons on April Adams Jones, who is designated by law to accept service of process on behalf of Yazoo County, Mississippi," *id.* at 2. The County therefore says service was invalid.

The County could be correct, though there may be more to it depending on Jone's position and her authority under Mississippi law. Unfortunately, though, Joiner never addressed this argument in her reply, saying simply that the County was "properly served." Pl.'s Mem. [35] at 2. That's insufficient. She also argued in her motion to strike that the County's joinder must be struck because King's motion was late. But Yazoo County's joinder was not late—it joined within 21 days of being supposedly served. Joiner offers no authority saying that a joinder should be struck under those circumstances. And even if she is correct regarding the

7

joinder, the County later moved to dismiss based on the failure to serve the chancery clerk. Joiner ignored the argument in reply.

In candor, the Court questions the County's position and whether it could be raised in a second motion, but Joiner has offered no resistance to it. For now, the Court denies Joiner's motion to strike as to the County but will defer ruling on the County's Joinder [19] and separate motion [29] because Joiner otherwise failed to state a claim against the County. If she seeks leave to amend her claims against the County, then she must explain in her supporting memorandum why the amendment would not be futile, including futility under Rule 12(b)(5).

      2.      Failure to State a Claim

           a.      Standards

Yazoo County and its employees Ingram and Latiker seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c). That rule allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). According to the County Defendants, the pleadings are closed because "responsive pleadings have been filed under Rule 12(b)(5) and remain pending." Cnty. Mem. [30] at 6 (citing motions filed).

But "[m]otions are not pleadings." *Sec. & Exch. Comm'n v. Novinger*, 96 F.4th 774, 781 (5th Cir. 2024) (citation omitted); *see* Fed. R. Civ. P. 7(a) (listing sole pleadings allowed under Rules). And the pleadings generally close when all parties remaining in the case have answered the complaint. *Mandujano v. City of Pharr*, 786 F. App'x 434, 436 (5th Cir. 2019) (citing 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1367 (3d ed. Apr. 2019 Update)). Because the County and other defendants have not answered, it is not apparent that Rule 12(C) applies.

Assuming it doesn't, there are two options. First, the Court could convert the motion under Rule 12(d) to one for summary judgment as the County Defendants request. "Rule 12(d) gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n. 3 (5th Cir.1988) (citation omitted). But Defendants' motion merely notes the Court's authority to convert without convincingly explaining why that would be appropriate. Cnty. Mem. [30] at 8 & n.47. The Court declines this invitation.

Second, courts may treat a Rule 12(c) motion as a Rule 12(b)(6) motion to dismiss if filed before all defendants have answered. *Jung v. Ass'n of Am. Med. Colleges*, 339 F. Supp. 2d 26, 35 (D.D.C. 2004), *aff'd*, 184 F. App'x 9 (D.C. Cir. 2006); *Geltman v. Verity*, 716 F. Supp. 491, 492 (D. Colo. 1989) (citing 2A *Moore's Federal Practice* ¶ 12.15). The standard of review is essentially the same under Rules 12(b)(6) and 12(c), *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 303 (5th Cir. 2024), so the Court will treat the County's motion as one brought under the former rule.

In considering a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

b.  Analysis

Joiner sued the County and its employees under 42 U.S.C. § 1983, which provides relief against any "person" who, "under color of" state law, deprives another of his or her "rights . . . secured by the Constitution and laws." The County Defendants say these claims should be dismissed because of the applicable statute of limitations, qualified immunity as to Ingram and Latiker, and the failure to plead municipal liability. The Court considers each argument.

**Statute of Limitations**: "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Joiner sued on the last day of the statute of limitations. Cnty. Mem. [30] at 11. But the County Defendants say the limitations clock began to run again when she failed to perfect service of process before the Rule 4(m) extension expired on March 25, 2024. *See* Cnty. Mem. [30] at 11 citing (*Chestang v. Alcorn State Univ.*, No. 5:12-CV-69-DPJ-FKB, 2013 WL

10

12424297, at *2 (S.D. Miss. Sept. 5, 2013) (holding that limitations clock restarts when deadline to serve process expires)).

Joiner acknowledges this law and says that she served the County within the extension. Pl.'s Mem. [35] at 4.  As noted, though, she never addressed the County's argument that service was imperfect because she served the wrong person.  Because the Court cannot yet tell whether that's true, it will defer this ruling as to the County.

Latiker and Ingram are different.  They too asserted a statute of limitations defense.  *See* Cnty. Mem. [30] at 12.  Yet Joiner offered no response to the motion as it applied to them. Those Defendants are therefore entitled to dismissal.[3]

***Qualified Immunity for Latiker and Ingram*:**  Latiker and Ingram also assert their right to qualified immunity, and Joiner does not oppose dismissal.  She argues instead that dismissal should be without prejudice "as evidence may come to light during discovery allowing the claims against them to be reasserted."  Pl.'s Mem. [35] at 1 n.1.

Dismissal will be with prejudice.  Joiner never served Latiker and Ingram, and the claims against them are now time barred.  She also concedes that they are entitled to qualified immunity.  *See Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012) (affirming dismissal with prejudice where plaintiff did not rebut "assertion of qualified immunity"); *Young v. Akal*, 985 F. Supp. 2d 785, 798 n.9 (W.D. La. 2013) ("Dismissal of claims on grounds of qualified immunity constitutes a dismissal with prejudice.").  The motion is granted as to Latiker and Ingram, and they are dismissed with prejudice.

---

[3] These Defendants also filed a Joinder [19].  Though it was not docketed in CM/ECF as a motion, they sought relief under Rule 12(b)(5) and indeed were never served.

11

*Municipal Liability*: The County's final Rule 12(b)(6) argument asserts that Joiner fails to state a claim for municipal liability. Cnty. Mem. [30] at 18–19. A municipality like Yazoo County "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (finding no respondeat superior liability under § 1983).

That said, a plaintiff may prevail against a municipality under § 1983 if she proves "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). But "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997)).

Leaving aside whether Joiner sufficiently alleges a constitutional violation by any County employee—which is not apparent—the Court finds that Joiner makes only the conclusory allegation that the County "maintained policies, customs and/or practices that were the moving force behind the violation of Plaintiff's constitutional rights." Compl. [1] ¶ 87. She never identifies any such policy, custom, or practice, nor identifies facts linking it causally to her brief incarceration.

At most, Joiner says she has stated a plausible county policy or custom based on what happened to her. *See* Pl.'s Mem. [35] at 5. The Fifth Circuit rejected that same argument in *Doe v. Harris County* because "[t]he only factual support offered for the conclusion that a policy or

custom existed is that Doe herself was jailed.  If this court were to treat this allegation as sufficient, it would collapse municipal liability under § 1983 into respondeat superior, which we plainly may not do." 751 F. App'x 545, 550 (5th Cir. 2018).  Joiner has not stated a claim for municipal liability.

Recognizing this possibility, Joiner requests "discovery and/or to amend and provide additional facts supporting the claims."  Pl.'s Mem. [35] at 6.  There are several problems with that.  To begin, Uniform Local Rule 7(b) states that any "application for relief . . . must be presented by a motion."  And Local Rule 7(b)(3)(C) states that "[a] response to a motion may not include a counter-motion in the same document.  Any motion must be an item docketed separately from a response."  Joiner has not filed a separate motion seeking discovery or leave to amend.  In addition, a motion for leave to amend must attach a proposed amended complaint.  L.U. Civ. R. 15.  Without that, the Court cannot say whether the proposed amendment would be futile.

Even had she moved for discovery, plaintiffs are "not entitled to discovery . . . before the district court resolve[s] the Rule 12(b)(6) motion."  *Bohannan v. Griffin*, 689 F. App'x 377, 379 (5th Cir. 2017) (citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008)); *see also Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (affirming denial of discovery because it "would not assist the Plaintiffs in defending the 12(c) motion").  Indeed, when a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery." *Iqbal*, 556 U.S. at 686; *accord Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (holding that

plaintiffs are "not entitled to discovery without a properly pleaded complaint") (citing *Twombly*, 550 U.S. at 559).[4]

Despite those problems, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). Thus, courts should not dismiss claims "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*; *accord Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting usual practice of granting leave to amend after dismissal for failure to state a claim).

Joiner has not stated a claim against Yazoo County, and her response suggests that she won't be able to. She may also face problems with Rule 4(m) and a related problem with the statute of limitations. But the Court cannot yet say that she has pleaded her best case, and questions could remain regarding service of process. Joiner may therefore file a properly supported motion for leave to amend within fourteen days of this Order. As noted, the supporting brief must include a substantive argument explaining why the County is not entitled to dismissal based on the Rule 4(m) issues. Failure to move will result in dismissal with prejudice of Yazoo County.

IV.     Conclusion

The Court has considered all arguments presented. Any not expressly addressed here would not change the outcome. King's motion to dismiss [13] and James's motion for joinder

---

[4] There may be limited exceptions to this rule, but again there is no motion and the exceptions have not been established.

[21] are denied. Joiner's motion to strike [23] is denied. The Yazoo County Defendants' motion for judgment on the pleadings or alternatively summary judgment [29] is granted in part. Defendants Ingram and Latiker are dismissed with prejudice. Yazoo County's motion is granted because Joiner failed to state a *Monell* claim.

Joiner may move for leave to amend within 14 days after entry of this Order, attaching a proposed amended complaint that sufficiently states a claim against Yazoo County. If she does not do so, the Court will dismiss the County. The Court notes that Defendant James sought relief under Rule 12(b)(5) but will now need to answer the Complaint. Because the claim against Yazoo County under the original Complaint has been dismissed, it need not answer that pleading. Finally, the parties must contact the magistrate judge within seven days of this order to set the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE